UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

R. Bryan Blumenkrantz

aka Robert Bryan Blumenkrantz,

    Debtor,

Julie Marie Blumenkrantz,

    Joint Debtor.

_____/

CASE NO.: 19-50304
CHAPTER 7

JUDGE Craig A. Gargotta

### MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST REAL PROPERTY LOCATED AT 609 PROVIDENCE CIRCLE CLOVIS, NEW MEXICO 88101 AND REQUEST FOR HEARING IN SAN ANTONIO, TEXAS

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.}**

TO THE HONORABLE JUDGE OF SAID COURT:

    Secured Creditor, USAA FEDERAL SAVINGS BANK, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the

automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), R. Bryan Blumenkrantz also known as Robert Bryan Blumenkrantz and Julie Marie Blumenkrantz, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on February 11, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. § 362(d), Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On October 21, 2014, R. Bryan Blumenkrantz also known as Robert Bryan Blumenkrantz and Julie Marie Blumenkrantz executed and delivered a Promissory Note ("Note") and Deed of Trust ("Mortgage") securing payment of the Note in the amount of $342,000.00 to USAA Federal Savings Bank, a Federally Chartered Savings Bank. The Mortgage was recorded on October 22, 2014, in Book 531 at Page 7949, in the Public Records of Curry County, New Mexico. The loan was transferred to Secured Creditor. True and accurate copies of the documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note and any required endorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay to foreclose, if necessary.

4. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

5. The mortgage provides Secured Creditor a lien on the real property located in Curry

County, New Mexico, and legally described as stated in the mortgage attached in Composite Exhibit "A."

This property is located at the street address of: 609 Providence Circle Clovis, New Mexico 88101.

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2019.

7. As of April 19, 2019, Secured Creditor is due the following amount:

| Unpaid Balance | $317,052.36 |
| Interest Amount | $4,270.45 |
| Total Due | $321,322.81 |
| Post-Petition Arrears Due (1 month at $2,090.61/month) | $2,090.61 |
| Post-Petition Arrears Due (2 month at $2,131.18/month) | $4,262.36 |
| Total Delinquency | $6,352.97 |

Documentation supporting this claim is attached hereto as Exhibit "B".

8. According to Curry County, the value of the property is $310,473.00. See Exhibit **"C"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). There is no equity in the property.

9. Based upon the Debtor(s)' schedules, the property is claimed as non-exempt. The Trustee has not abandoned the property.

10. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other

form of adequate protection is provided.

11. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

13. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

14. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to

seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: May 28, 2019

                                              **RAS CRANE LLC**
Attorney for Secured Creditor
/s/ Shelly K. Terrill
Shelly K. Terrill / TXBN 00794788
Lauren W. Ojha / MSBN 102096
1900 Enchanted Way, Suite 125
Grapevine, TX 76051
817-873-3080 Ext 148
817-796-6079 Facsimile
sterrill@rascrane.com
lojha@rascrane.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 28, 2019 a true and correct copy of the foregoing was served via CM/ECF or United States Mail to the following parties:

R. Bryan Blumenkrantz
aka Robert Bryan Blumenkrantz
184 Agua Serena
Del Rio, TX 78840

Julie Marie Blumenkrantz
184 Agua Serena
Del Rio, TX 78840

J. Todd Malaise02
Malaise Law Firm
909 NE Loop 410, Suite 300
San Antonio, TX 78209

Jose C Rodriguez
342 W Woodlawn, Suite 103
San Antonio, TX 78212

United States Trustee-SA12
615 E Houston St., STE 533
P.O. Box 1539
San Antonio, TX 78295-1539

/s/ Shelly K. Terrill
Shelly K. Terrill